HAMITER, Justice
(dissenting).
With reference to the clearly inadmissible document S-3 the majority opinion on rehearing concludes: “ * * * Our examination of the record fully convinces us that no prejudicial error occurred through its reception in evidence, nor did a miscarriage of justice result therefrom. There is nothing in the document, either in figures or statement, that could possibly incriminate the accused; it is simply a report covering the witness’ work over a period of three days, and since the witness had already been allowed to testify, without objection, what it purportedly showed, we fail to appreciate in what respect its admission could possibly prejudice the defendant’s cause.”
Manifestly, the document was incriminating, for it, taken in connection with exhibit S-l previously introduced into evidence, disclosed an over-plus in admissions of 77 persons.
Furthermore, the conclusion announced by the majority, seemingly predicated on an erroneous assumption that the testimony of State witness Mrs. Shelton was objectionable, and being so went to the jury without objection, completely overlooks the purpose of and reason for the universally accepted rule of evidence known as “pre *163 sent recollection revived”. This rule permits a witness who is testifying from an independent recollection concerning pertinent facts and circumstances of a past occurrence to refer to a writing made by him originally, the sole purpose thereof being to refresh his memory. But it prohibits the introduction of the writing, because in such case only the testimony constitutes the evidence; whereas, the writing, if permitted to be introduced, would serve to improperly corroborate and strengthen such evidence already before the jury or court.
If the testimony of Mrs. Shelton had been inadmissible, and being so had been allowed to go to the jury without any protest, I would agree with the majority conclusion unhesitatingly. In such event the document S-3 could not have prejudiced the defendant, because the jury, through the improper and unobjected to testimony of the witness, had already received the information disclosed by it. But here the testimony of Mrs.'Shelton was admissible; the defendant had no grounds whatever for objecting to it. She was testifying from independent recollection to relevant facts and circumstances within her knowledge, referring to her report, as she had the right to do, merely for the purpose of refreshing her memory.
Now, the effect of the improper admis-' sion of document S-3 was to unduly corroborate the testimony of that witness. In this connection, such self-serving declaration might well have contained the notation: “This report was prepared'in the handwriting of Mrs. Shelton at the time of her inspection and it, considered along with document S-l, confirms and renders unimpeachable her testimony that there was an over-plus in admissions of 77 persons.” Incidentally, this specific over-plus was disclosed only by Mrs. Shelton, the defendant having shown that none occurred; and, thus, a clear conflict existed between the only two witnesses respecting such important point. This being true it is reasonable and proper to assume that the j ury, in finding the defendant guilty, considered the inadmissible document S-3 to be in confirmation of Mrs. Shelton’s testimony and to justify complete acceptance thereof. The report, in other words, evidently served to shift the otherwise balanced weight of evidence.
There can be no doubt that the only purpose in offering S-3 was to corroborate Mrs. Shelton’s testimony. In the. State’s brief on rehearing the following appears: “We believe it is agreed that the jury has a right to believe or to disbelieve any witness accordingly as that witness impresses them as to the truth or falsity, or reliability or unreliability of her statements.
“Merely because a witness testifies to a fact does not mean that the jury will accept or must accept the testimony of the witness and regard the fact as proven.
“In this case, therefore, wherein appellant denied and contested every material fact testified to by every witness for the State and sought with all the means and ingenuity at her command to discredit those *165 witnesses and particularly the critical witness Mrs.' Shelton, the State not only had the tight hut was under a dztiy to corroborate this zvitness by any legal evidence that would corroborate her.
* * * % * *
“Appellant, in her testimony, sought to contradict and to ‘assail’ the ‘credibility’ of the witness Mrs. Shelton, giving the State, if not at the time of the direct examination of Mrs. Shelton at least some time before the taking of testimony was concluded, the right to introduce evidence to corroborate Mrs. Shelton.
“Since the document S-3 is psychologically the best evidence of the climatic fact to which Mrs. Shelton testified, namely the ‘Plus 77’, and since the authenticity of S-3 as a document made by Mrs. Shelton at the conclusion of her check of this movie theater was unassailable, S-3 was potently corroborative and we respectfully submit under the law above quoted, was admissible in evidence as corroborative evidence. (Always bearing in mind that every detail of S-3 was personal knowledge and immediate observation of Mrs. Shelton, and highly material to the guilt of appellant.)” These quoted extracts alone should be adequate proof that the substantial rights of the accused were prejudiced by the improper admission. (Italics mine.)
If the announced conclusion of the majority herein is allowed to stand, it can be correctly said that this court now rejects and will no longer follow the heretofore recognized and applied doctrine that a memorandum used by a witness to refresh his memory is itself inadmissible in evidence. In every case hereafter in which the “present recollection revived” rule is invoked the witness will have testified to the relevant information contained in his writing, using it to refresh his memory as is his right; and, as a result of the unobjectionable testimony, the memorandum becomes non-prejudicial and, therefore, admissible.
For the above reasons, as well as those which I assigned on the original hearing, I respectfully dissent.